## ROSS v. WILLETT et al.

*(Supreme Court, Special Term, New York County.  February, 1891.)*

PLEADING—ORDER TO MAKE MORE DEFINITE AND CERTAIN—COMPLIANCE.

    A complaint alleged that plaintiff's intestate and defendants entered into an agree-
ment for the joint purchase and sale of goods, the profit or loss to be divided in a
specified manner, and prayed judgment that defendants be charged with their share
of the loss which resulted from the transaction.  *Held* that, to comply with an
order to make the complaint more definite and certain by showing what were the
provisions in relation to the sale, plaintiff must state either the terms of the agree-
ment, or that it contained no express provisions in regard to the sale; and that
plaintiff's amended complaint, which simply alleged that the agreement did not
provide for the sale of the goods at any particular time, in any particular mode, or
by any particular person, was not sufficient.

At chambers.  Action by Frank Ross, as ancillary administrator, etc., of
James G. Ross, deceased, against Wallace P. Willett and others, to charge de-
fendants with their share of the loss resulting from a joint purchase and sale
of a cargo of sugar under an agreement entered into between themselves
and plaintiff's intestate.  The third paragraph of plaintiff's first cause of ac-
tion alleged that "in or about the month of April, 1880, the said James G.
Ross and the defendants agreed to purchase jointly a cargo of sugar, to be
shipped from the island of Java on the bark Cornelis Smit to some port in
the United States, and there sold; and they further agreed that the profit
made or the loss incurred from the said purchase and sale should be divided
or borne in the proportion of three-fourths by the said James G. Ross, and
one-fourth by the defendants." · Defendants obtained an order that this para-
graph of the complaint be made more definite and certain.  Plaintiff accordingly
amended his complaint, but defendants declined to accept it.  Plaintiff now
moves that they be compelled to do so.  For former reports, see 11 N. Y.
Supp. 621, 13 N. Y. Supp. 102, 103.

*Wilcox, Adams & Macklin,* for plaintiff.  *Thoe F. Sanxay* and *John J.
Crawford,* for defendants.

INGRAHAM, J.  The order of Mr. Justice BARRETT required the plaintiff to make his complaint more definite and certain by stating the particulars of agreement referred to in paragraph 3 in the first cause of action, showing what were the provisions thereof in respect to the sale of the cargo of sugar.  If there was no express provision in the contract as to the sale of the said sugar, the plaintiff can comply with Mr. Justice BARRETT's order by alleging that the contract did not provide in express terms for the sale of the sugar.  Such an allegation would be a compliance with the order.  By the fourth paragraph of the amended complaint the plaintiff, instead of alleging that the agreement did not expressly provide for the sale of the sugar, alleges that it was not provided that said sugar should be sold at any particular time, or in any particular mode or manner, or by any particular person or persons.  What the plaintiff must allege is either the terms of the agreement which provided for the sale, or allege that the agreement did not expressly provide for the sale.  Either of those allegations would be a compliance with that order.  The same remark applies to the second cause of action.  I do not think, therefore, that the amended complaint complies with the order of Mr. Justice BARRETT, and plaintiff's motion to compel the defendant to receive the amended complaint as served is denied, with $10 costs to abide the event; the plaintiff to be allowed, however, to serve within 20 days an amended complaint, as indicated in this memorandum, upon payment of $10 costs to the defendants for opposing this motion.